IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM WOOD BYRD, JR., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:16-cv-01449-KOB |
| HISHBACH, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pro se Plaintiff William Wood Byrd, Jr. sued Hishbach, LLC; Hishbach Partners; Henry M. Bostwick; Charles T. Clark, Jr.; Bruce B. Haltom; Robert E. Frankland, III; Frankland Carriage Company, Inc.; Frankland Partnership No. 2; Phyllis F. Armstrong; Jacne LP; Jacne Partners; Downtown Apartments, Inc.; and Donna Bostwick for claims related to the conversion of Hishbach LLC to a general partnership. (Doc. 30). The Defendants have moved to dismiss the complaint, arguing that the court lacks personal jurisdiction over all parties. (Doc. 43). Mr. Byrd filed no response to the Defendants' motion. Because the court agrees that it lacks personal jurisdiction over the Defendants, it will grant the Defendants' motion and dismiss this case without prejudice.

**I.   BACKGROUND**

Plaintiff William Byrd has sued thirteen defendants—seven corporate entities, and six individuals. The gist of Mr. Byrd's complaint, from what the court can discern, is that the Defendants improperly converted Hishbach, LLC, of which he was a member, to a general

1

partnership. *See* (Doc. 30 at 31). Mr. Byrd claims this conversion was made without his knowledge or permission. *Id*. This conversion, Mr. Byrd alleges, occurred in Tennessee. (Doc. 30 at 25).

Mr. Byrd further alleges that "The Defendants are now in collusion together in the planned sell off of [his] assets of the Company in a ruse to remove all of the Company Assets of Plaintiff and destroy his Membership Interest in Company." (Doc. 30 at 25). By converting the entity from a limited liability corporation to a general partnership, Mr. Byrd alleges the Defendants "made available adverse allowances to third party creditors" and circumvented his limited liability protections. *Id*. at 28. The Defendants, Mr. Byrd claims, have falsely claimed that he is a partner of the converted Hishbach entity.

Related to these events, Mr. Byrd asserts claims for injunctive relief, breach of contract, breach of fiduciary duty, fraud, violation of due process, recession of the conversion, recovery of books and records, accounting, conspiracy, recovery of property, and trespass/slander of title.

The Defendants filed a motion to dismiss for lack of personal jurisdiction in response to Mr. Byrd's original complaint and Mr. Byrd filed a response. (Doc. 19, 22). Mr. Byrd has since filed two amended complaints. (Docs. 24, 30). The Defendants filed another motion to dismiss for lack of personal jurisdiction. (Doc. 43). The court set a briefing schedule on the motion, but Mr. Byrd never filed a response.

### A. Hishbach LLC and Hishbach Partners

Hishbach LLC was a Tennessee limited liability company with its principal place of business in Jackson, Tennessee. Around December 2006, Hishbach LLC took action to convert from a LLC to a general partnership. Hishbach LLC became inactive on January 1, 2007. Hishbach Partners maintains the same principal place of business as Hischbach LLC did.

Neither Hishbach LLC or Partners has ever maintained an office, owned property, applied

for businesses license, paid taxes, employed agents, maintained a mailing or telephone listing, or solicited business in Alabama. Hishbach only has two connections with Alabama: a depository account at Compass Bank in Huntsville, Alabama, and a real estate loan secured by assets in Tennessee closed in 1997. All income of Hishbach is derived from its Jackson, Tennessee real estate holdings.

The managing agent of Hishbach Partners filed an affidavit stating that no representative of Hishbach Partners or LLC traveled to Alabama for the events set forth in complaint. Further, the agent says none of the communications set forth in complaint occurred in Alabama.

### B. Jacne, LP and Jacne Partners

Jacne LP was a Tennessee limited partnership and member of Hishbach LLC. After Hishbach LLC converted to a general partnership, Jacne LP converted to a general partnership as well. During the last 30 years, neither Jacne LP nor Jacne Partners has ever had agents, employees, or bank accounts, maintained a mailing address or telephone listing, or had assets in Alabama. Further, neither Jacne LP or Jacne Partners has advertised or solicited business in Alabama.

The managing agent of Jacne Partners filed an affidavit stating that no representative of Jacne Partners or Jacne LP traveled to Alabama for the events set forth in complaint. Further, the agent says none of the communications set forth in complaint occurred in Alabama.

### C. Charles T. Clark

Charles T. Clark is the managing agent of both Jacne Partners and Hishbach Partners. Mr. Clark filed an affidavit stating that he does not own property, pay taxes, or otherwise conduct business activities in Alabama. Mr. Clark also states he did not travel to Alabama for the events set forth in complaint. Further, Mr. Clark says none of the communications set forth in complaint occurred in Alabama.

### D. Downtown Apartments, Inc.

Downtown Apartments, Inc. ("DAI") is a Tennessee Corporation with its sole office in Jackson, Tennessee. DAI has never had agents, employee, bank accounts, or other assets in Alabama. Nor has DAI solicited business, maintained offices, or paid taxes in the state. The president of DAI filed an affidavit stating that no representative of DAI traveled to Alabama for the events set forth in complaint. Further, DAI says none of the communications set forth in complaint occurred in Alabama.

### E. Bruce B. Haltom

Bruce B. Haltom is a Tennessee resident and president of Downton Apartments, Inc. Mr. Haltom filed an affidavit stating that he does not own property, pay taxes, nor otherwise conduct business activities in Alabama. Mr. Haltom also states he did not travel to Alabama for the events set forth in complaint. Further, Mr. Haltom says none of the communications set forth in complaint occurred in Alabama.

### F. Frankland Carriage Company, Inc. and Frankland Partnership No. 2

Frankland Carriage Company ("FCC) is a Tennessee corporation with its principal place of business in Jackson, Tennessee. Frankland Partnership No. 2 ("FPN2") is a Tennessee general partnership. Neither FCC nor FPN2 has ever had agents, employees, bank accounts, or other assets in Alabama. Nor has FCC or FPN2 solicited business, maintained offices, or paid taxes in the state. The president of FCC and managing partner of FPN2 filed an affidavit stating that no representative of FCC or FPN2 traveled to Alabama for the events set forth in complaint. Further, the affidavit says none of the communications set forth in complaint occurred in Alabama.

### G. Robert Frankland

Robert Frankland is a Tennessee resident, President of Frankland Carriage Company, and

managing general partner of Frankland Partnership No. 2. Mr. Frankland filed an affidavit stating that he does not own property, pay taxes, nor otherwise conduct business activities in Alabama. Mr. Frankland also states he did not travel to Alabama for the events set forth in complaint. Further, Mr. Frankland says none of the communications set forth in complaint occurred in Alabama.

### H.  Phyllis Armstrong

Phyllis Armstrong is a Tennessee resident. She has never had an ownership interest in Hishbach LLC or Partners. Ms. Armstrong filed an affidavit stating that she does not own property, pay taxes, nor otherwise conduct business activities in Alabama. Ms. Armstrong also states she did not travel to Alabama for the events set forth in complaint. Further, Ms. Armstrong says none of the communications set forth in complaint occurred in Alabama.

### I.  Henry M. Bostwick and Donna Bostwick

Henry and Donna Bostwick are Georgia residents. Until 2013, the Bostwicks resided in Alabama. The Bostwicks owned property and business interests in Alabama prior to that time, but they had no assets in Alabama following their move. The Bostwicks have not solicited business in Alabama since their move to Georgia.

Mr. Bostwick had an ownership interest and was a member of Hishbach LLC. When Hishbach converted to a general partnership, Mr. Bostwick became a general partner. In Janurary of 2008, Mr. Bostwick transferred his partnership interest to his spouse, Ms. Bostwick.

The Bostwicks state they did not travel to or communicate from Alabama in connection with the events set forth in the complaint with two exceptions. First, Mr. Bostwick signed loan documents related to Hishbach LLC in 1997 or 1998 while in Alabama. Second, Mr. Bostwick believes he was likely in Alabama when he signed the resolution authorizing Hishbach LLC's

conversion to a general partnership.

## II. STANDARD OF REVIEW

A Rule 12(b)(2) motion attacks the court's jurisdiction over the defendant's person. In determining whether personal jurisdiction exists, a federal court sitting in diversity undertakes a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "The plaintiff bears the burden of establishing personal jurisdiction over the defendant [but] 'need only make a prima facie showing.'" *S & Davis Intern., Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990)). The court must accept the allegations in the complaint as true. *Id.* "Where, as here, the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Mazer*, 556 F.3d at 1274 (quoting *Meier ex rel. Meier v. sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11 th Cir. 2002)). If "the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." *Meier*, 288 F.3d at 1269.

## III. DISCUSSION

Personal jurisdiction "represents a restriction on judicial power . . . as a matter of individual liberty." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, (1982). When personal jurisdiction is challenged by a defendant who files affidavits to support its position, "[t]he plaintiff bears the burden of proving by affidavit the basis upon which jurisdiction may be obtained." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (internal citations omitted).

A.  **General Jurisdiction**

For the court to exercise general jurisdiction over the Defendants, Mr. Byrd must show that the Defendants' connection with Alabama, the forum state, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984). Such contacts need not have a nexus to the litigation, but they must be so extensive that the Defendants may be regarded as "essentially at home" in that forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Nothing in the record suggests this court has general jurisdiction over any of the Defendants. While Mr. Byrd argued in briefing on a previous motion to dismiss his complaint before it was amended that "Defendants have more than minimal contacts in . . . Alabama," he has provided neither evidence nor specific allegation to support jurisdiction over these Defendants. (Doc. 22 at 8).

The corporate Defendants have sparse connections to Alabama. None of the Defendants are incorporated nor have their principal place of business in Alabama. The only evidence of a connection between the corporate Defendants and Alabama is the single bank account Hishbach Partners maintained at Compass Bank in Huntsville. A single bank account can hardly be said to render a defendant "essentially at home" in that forum. *Daimler*, 134 S. Ct. at 751 (2014). Therefore, the court finds it lacks general jurisdiction over the corporate Defendants.

Similarly, the individual Defendants also lack substantial connections to Alabama. The individuals are not residents of Alabama, do not own property in Alabama, nor do they conduct business in Alabama. Charles Clark and Henry and Donna Bostwick previously had contacts with Alabama, owning assets in the state, but they divested those assets more than four years ago. Given those facts, the court concludes that the individual Defendants cannot be said to be "essentially at

home" in Alabama. *Daimler*, 134 S. Ct. at 751 (2014). Therefore, the court lacks general jurisdiction over the individual defendants.

**B.     Specific Jurisdiction**

Unlike general jurisdiction, specific jurisdiction is limited to "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (internal citations omitted). The burden is on the plaintiff to demonstrate a nexus between the conduct forming the controversy and the forum. *Id*.

A three-factor test governs whether exercising jurisdiction would offend due process:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (internal citations and quotations omitted).

A nexus between "the defendant, the forum, and the litigation is the essential foundation of *in personum* jurisdiction . . .." *Helicopteros*, 466 U.S. at 414. The factors are considered in turn. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"). Here, however, Mr. Byrd has failed to show that any of the Defendants' established contacts with Alabama form the basis of the litigation.

Although the Defendants' affidavits clearly state they did not communicate from Alabama,

8

they do not explicitly state that they did not communicate *to* Alabama. However, the affidavits do say "none of the alleged transactions, *communications* or events set forth in the Complaint took place in Alabama." *See, e.g.* (Doc. 43 at 3–4) (emphasis added). Regardless, Mr. Byrd has not offered either allegation nor evidence that would show a relevant communication by a Defendant to Alabama.

The only *potential* connection between the facts alleged in the complaint and Alabama is that Mr. Bostwick signed his copies of Hishbach conversion documents in Alabama. However, the conversion of Hishbach occurred in Tennessee—Hishbach changed from a Tennessee LLC to a Tennessee partnership. But even if signing the paperwork in Alabama meant that Mr. Byrd's claim against Mr. Bostwick arose out of a connection to the state, Mr. Bostwick's act of signing the paperwork in Alabama still does not evidence his purposeful availment of the state's laws; it was a fortuitous occurrence, not a substantial connection. *See Burger King Corp.*, 471 U.S. at 475. Even if Mr. Byrd surpassed the first prong of *Mosseri*, he would fail the second.

Because Mr. Byrd has not shown a connection between his claims about the defendant's conduct and Alabama, and the one *possible* connection was not purposeful, the court finds it lacks personal jurisdiction over the Defendants.

## IV. CONCLUSION

The court will grant the Defendants' motion to dismiss for lack of personal jurisdiction and will dismiss this action without prejudice. The court will enter a separate order consistent with this opinion.

**DONE** this the 26th day of June, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDE